**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JAMES BROWN,                             No. 2:16-CV-2349-TLN-CMK

        Plaintiff,

    vs.                                  <u>FINDINGS AND RECOMMENDATIONS</u>

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

        Plaintiff, who is proceeding with retained counsel, brings this action under

42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security.

Pending before the court are plaintiff's motion for summary judgment (Doc. 24) and defendant's

cross-motion for summary judgment (Doc. 28).

/ / /

/ / /

/ / /

/ / /

/ / /

# I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on September 13, 2013. In the application, plaintiff claims that disability began on November 11, 2010. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on February 23, 2015, before Administrative Law Judge ("ALJ") Daniel G. Heely. In an April 8, 2015, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): psychotic disorder, depression, substance abuse, and musculoskeletal strain of the low back;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: he can perform work activities with the following limitations: he is capable of only simple reading, writing, and speaking in English; he is limited to simple, routine, and repetitive tasks; he is limited to no more than occasional public contact; he can lift and carry 25 pounds frequently and 50 pounds occasionally; he can stand for 6 hours in an 8-hour workday with normal breaks; he can walk for 6 hours in an 8-hour workday with normal breaks; he can sit for 6 hours in an 8-hour workday with normal breaks; he can never climb ladders, ropes, or scaffolds; he can occasionally climb ramps and stairs; he can never work around hazards such as dangerous moving machinery and unprotected heights; he cannot operate motor vehicles; and

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on August 3, 2016, this appeal followed.

# II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521

(9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  <u>See</u> <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986); <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  <u>See</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  <u>See</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, <u>see</u> <u>Thomas v. Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III.  DISCUSSION

In his motion for summary judgment, plaintiff argues: (1) the ALJ improperly rejected Dr. Weiss' opinion; (2) the ALJ erred in rejecting plaintiff's statements and testimony as not credible; and (3) the ALJ improperly rejected lay witness testimony from plaintiff's mother, Veverly McCoy, and plaintiff's sister, Chyvon Johnson.

### A.  <u>Evaluation of Medical Opinions</u>

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  <u>See</u> <u>Lester v. Chater</u>, 81 F.3d 821, 830-31 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional.  <u>See</u> <u>id.</u>; <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285

(9th Cir. 1996); <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given to the opinion of a non-examining professional.  <u>See</u> <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

        In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether:  (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record.  <u>See</u> <u>Lester</u>, 81 F.3d at 831.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict.  <u>See</u> <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence.  <u>See</u> <u>Lester</u>, 81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding.  <u>See</u> <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional.  <u>See</u> <u>Lester</u>, 81 F.3d at 830-31.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  <u>See</u> <u>id.</u> at 831.  In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings.  <u>See</u> <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); <u>see</u> <u>also</u> <u>Magallanes</u>, 881 F.2d at 751.

/ / /

/ / /

/ / /

In this case, the ALJ relied on the opinions of state agency non-examining consultants Drs. K. Gregg (see CAR at Exhibit C3A) and Jacobson (see CAR at Exhibit C1A).[1] Both doctors found that plaintiff can perform unskilled work with limited public contact. The ALJ concluded these opinions are ". . .supported by the generally adequate mental functioning that the claimant exhibited at mental evaluations held during the period from October 2013 through November 2014" and "consistent with the admitted effectiveness of the claimant's psychiatric medications." The ALJ also found that the opinions of Drs. Gregg and Jacobson are supported by plaintiff's improvement following increased compliance with medication as well as the absence of evidence of ongoing interpersonal problems.

As to Dr. Weiss, the ALJ stated:

> The claimant's treating source occasionally assigned the claimant Global Assessment of Functioning scores that reflect serious to extreme difficulty in social or occupational functioning during the adjudicated period (Exhibits C3F, C4F, and C8F). Wendy S. Weiss, Ph.D., a psychologist who examined the claimant on February 11, 2015, also concluded that the claimant had a markedly limited ability to maintain attention and concentration, perform activities within a schedule, maintain regular attendance, be punctual, complete a normal workday or workweek, set realistic goals, and make plans independently of others. According to Dr. Weiss, the claimant also had a moderately limited ability to remember information, perform detailed tasks, sustain an ordinary routine without special supervision, work in coordination with or proximity to others, make simple work-related decisions, interact appropriately with the general public, accept instructions, and respond appropriately to criticism from supervisors, maintain socially appropriate behavior, adhere to basic standards of neatness and cleanliness, respond appropriately to changes in the work setting, travel in unfamiliar places, and use public transportation. Dr .Weiss further stated that the claimant would be unable to complete a workday more than 3 or 4 times per month and that even unskilled work would exacerbate the claimant's mental symptoms (Exhibit C9F). . . .

The ALJ rejected Dr. Weiss' opinions because he found, among other things, that they are inconsistent with evidence of adequate mental functioning from October 2013 through November 2014 (citing CAR at Exhibits C4F, C6F, and C8F).

---

[1]    Citations are to the Certified Administrative Record lodged on May 3, 2017 (Doc. 15).

The court finds that the ALJ's reasoning is supported by substantial evidence. Specifically, regarding the period from October 2013 to November 2014, plaintiff acknowledges that "beginning in October 2013, the record does show some improvement in Plaintiff's mental functioning. . . ." The exhibits cited by the ALJ show adequate mental functioning during this time period. Records from San Joaquin County Behavioral Health Services reflect that, on October 15, 2013, plaintiff reported no side effects of medications, that is doing "alright," that he is compliant with his medications, and that his sleep was improved. See CAR 447. Nurse Practitioner Glenda Castro noted that plaintiff's hygiene and attire were appropriate and that his affect was labile. See id. She also noted that his condition was "improved compared to last visit." See id. Observations were essentially the same on December 10, 2013, though Ms. Castro noted that plaintiff was shaking due to missed medication. See CAR 459. In January 2014, Ms. Castro noted appropriate hygiene and attire, appropriate eye contact, and no involuntary movement beyond teeth grinding. See CAR 461. Ms. Castro also noted no paranoia. See id. Findings through the remainder of 2014 are consistent. See CAR at Exhibit C8F.

**B.** **Plaintiff's Credibility**

The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). An explicit credibility finding must be supported by specific, cogent reasons. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). General findings are insufficient. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony. See id. Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing." See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the

Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely

because they are unsupported by objective medical evidence.  See Bunnell v. Sullivan, 947 F.2d

341, 347-48 (9th Cir. 1991) (en banc).  As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the
> [symptom] itself, or the severity thereof.  Nor must the claimant produce
> objective medical evidence of the causal relationship between the
> medically determinable impairment and the symptom.  By requiring that
> the medical impairment "could reasonably be expected to produce" pain or
> another symptom, the Cotton test requires only that the causal relationship
> be a reasonable inference, not a medically proven phenomenon.

> 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in
> Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

The Commissioner may, however, consider the nature of the symptoms alleged,

including aggravating factors, medication, treatment, and functional restrictions.  See Bunnell,

947 F.2d at 345-47.  In weighing credibility, the Commissioner may also consider: (1) the

claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent

testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a

prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5)

physician and third-party testimony about the nature, severity, and effect of symptoms.  See

Smolen, 80 F.3d at 1284 (citations omitted).  It is also appropriate to consider whether the

claimant cooperated during physical examinations or provided conflicting statements concerning

drug and/or alcohol use.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If the

claimant testifies as to symptoms greater than would normally be produced by a given

impairment, the ALJ may disbelieve that testimony provided specific findings are made.  See

Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

/ / /

/ / /

/ / /

Plaintiff alleges that his impairments cause totally debilitating limitations. Specifically, plaintiff testified that he is left-handed and that this left hand shakes. See CAR at 59-74. According to plaintiff, he suffers from depression and memory loss. See id. He stated that he watches television but does not really absorb what he sees. See id. Plaintiff stated that he does not drive any longer due to tremors. See id. He has auditory hallucinations telling him what to do. See id. Plaintiff stated that he needs reminders to bathe and change his clothes. See id. He also testified that he is depressed and prefers to be alone. See id.

The ALJ described plaintiff and his allegations as follows:

> The claimant is a 35-year old individual who complains of chronic back pain, depression, auditory and visual hallucinations, paranoia, delusions, flashbacks, suicidal ideation, sleep and appetite disturbance, decreased energy, irritability, anger outburst, social withdrawal, poor memory, and poor concentration. His back pain radiates to the lower extremities, causing pain and weakness. He allegedly has difficulty performing household chores, maintaining personal care, completing tasks, following instructions, going out alone, being around people, getting along with others, dealing with stress, and handling changes in routine. He allegedly needs reminders to take medications and take care of personal needs and grooming (Exhibits C2E, C5E, C8E, C10E, and hearing testimony).

The ALJ cited the following reasons for finding plaintiff's allegations not credible:

> 1. Plaintiff's allegations of debilitating physical limitations are inconsistent with the December 5, 2013, findings of agency examining doctor Satish Sharma, M.D., who observed that plaintiff was able to walk with a normal gait and perform tandem gait, toe walking, and heel walking. The ALJ also cited Dr. Sharma's observations that plaintiff did not use an assistive device, Romberg test was negative, straight-leg raising was negative, range of motion was normal, motor strength was normal, sensory functioning was normal, and deep tendon reflexes were normal.
>
> 2. Plaintiff's allegations of debilitating mental limitations are inconsistent with generally appropriate psychiatric observations at mental evaluations conducted from October 2013 through November 2014.
>
> 3. Plaintiff's mental symptoms are reduced with compliance with appropriate medications. The ALJ noted plaintiff's testimony that he does not experience hallucinations when he takes his medications. Moreover, the ALJ cited evidence that hospitalizations in 2013 occurred when plaintiff was not compliant with medications and was using illegal drugs.

///

4.  Plaintiff's work history reflects that he worked only sporadically prior to the alleged onset date and that he has only worked on a full-time basis for several months in his entire adult life, suggesting that plaintiff's continued unemployment may not be due to the alleged limitations.

5.  Plaintiff has made inconsistent statements. On October 25, 2013, plaintiff stated that he could not prepare any meals, but he stated during the hearing that he could make sandwiches. In addition, plaintiff reported in July 2013 that his childhood was terrible, but he stated on November 25, 2014, that his childhood was good.

6.  Plaintiff showed no evidence of physical discomfort during the hearing, and he was able to respond to questions and interact appropriately. Plaintiff was also able to follow closely and participate fully in the hearing.

While plaintiff challenges the ALJ's reliance on his work history, demeanor at the hearing, and mental status during the October 2013 to November 2014 time period, plaintiff does not address physical findings by Dr. Sharma which are inconsistent with plaintiff's allegations and plaintiff acknowledges his own inconsistent statements. The court finds that the ALJ's reliance on Dr. Sharma's findings as well as plaintiff's admitted inconsistent statements was proper.

C.    **Lay Witness Testimony**

In determining whether a claimant is disabled, an ALJ generally must consider lay witness testimony concerning a claimant's ability to work. See Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e). Indeed, "lay testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence . . . and therefore cannot be disregarded without comment." See Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). Consequently, "[i]f the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness." Dodrill, 12 F.3d at 919. The ALJ may cite same reasons for rejecting plaintiff's statements to reject third-party statements where the statements are similar. See Valentine v. Commissioner Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009) (approving rejection of a third-party family member's testimony, which was similar to the claimant's, for the same reasons given for rejection of the

claimant's complaints).

As to statements from plaintiff's mother and sister, the ALJ noted that both statements largely corroborate plaintiff's allegations and stated:

> . . . These statements are given little weight for the same reasons provided above for the opinions of the treating source and Dr. Weiss. In addition, the claimant's mother and sister are not acceptable medical sources and lack the medical proficiency to render a reliable opinion on the claimant's limitations. The statements are also contradicted by the absence of positive laboratory findings concerning the claimant's back disorder and lumbar radiculopathy.

The ALJ did not err by citing the same reasons for rejecting lay witness statements as for rejecting plaintiff's statements where, as here, the reasons for rejecting plaintiff's statements – notably, the contradictory findings by Dr. Sharma – are proper. See Valentine, 574 F.3d at 694.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, the undersigned recommends that:

      1.    Plaintiff's motion for summary judgment (Doc. 24) be denied;

      2.    Defendant's cross-motion for summary judgment (Doc. 28) be granted; and

      3.    The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 8, 2018

                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE